16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frances GIRARD, Widow of Octave Girard, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-9519.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, C.J., and WINDER,** D.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Frances Girard, the widow of Octave Girard, has filed this petition seeking review of a decision of the Benefits Review Board (BRB) which affirmed the order of the administrative law judge (ALJ) denying benefits. We affirm.
 
 
 4
 Octave Girard filed for benefits under the Black Lung Benefits Act, 30 U.S.C. 901-962, in 1974. The claim was approved initially.[2] That award was reversed by the BRB on the ground that two ventilatory studies (the only qualifying medical evidence submitted by the claimant) were invalid because neither study included a statement regarding Mr. Girard's cooperation and understanding as required by 20 C.F.R. 410.430.
 
 
 5
 On appeal to this court, the panel vacated the BRB's decision holding that the BRB could not "rely on the absence of particular evidence to establish nonconformance with the applicable quality standards when the issue is raised for the first time on appeal." Girard v. Benefits Review Bd., Unpublished No. 84-1684 at 2 (10th Cir. filed Jan. 22, 1985). The court remanded the case to allow Mrs. Girard "another opportunity to present evidence on the validity of the tests she relies on to establish eligibility for black lung benefits." Id. at 2-3.
 
 
 6
 On remand, Mrs. Girard submitted two affidavits. The employer also submitted opinions by two consulting physicians. The ALJ found the opinions of the consulting physicians to be more persuasive and denied benefits. The BRB affirmed the ALJ's decision and Mrs. Girard appealed.
 
 
 7
 On appeal, Mrs. Girard argues that the BRB should have reversed the ALJ's decision because the ALJ should not have accepted the medical opinions submitted by the employer. Mrs. Girard argues both that the employer should not have been permitted to submit new evidence and that the opinions were based on 1990 standards governing ventilatory studies which are more restrictive than those applicable in 1974.[3]
 
 
 8
 "Our task is to determine whether the Board properly concluded that the ALJ's decision was supported by substantial evidence." Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir.1993)(citing Garcia v. Director, OWCP, 869 F.2d 1413, 1415 (10th Cir.1989)). "[T]he task of weighing conflicting medical evidence is within the sole province of the ALJ." 984 F.2d at 368 (citing Freeman United Coal Mine Co. v. Benefits Review Bd., 879 F.2d 245, 249 (7th Cir.1989)).
 
 
 9
 Mrs. Girard's claim has been adjudicated under the interim regulations. See 20 C.F.R. 725.1(d); 727.203; Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 141-42 and n.10 (1987). Under these regulations, a miner engaged in the coal industry for at least ten years is presumed totally disabled due to pneumoconiosis if he meets one of the listed medical requirements. See 727.203. The employer can rebut the presumption by establishing that "the miner does not, or did not, have pneumoconiosis." Section 727.203(b)(4).
 
 
 10
 Mr. Girard worked in the coal mines for forty-seven years. Two ventilation studies were performed, one in 1974 and one in 1975. Both studies reflected qualifying values. In compliance with the mandate of this court, Mrs. Girard submitted the affidavits of the present and past managers of the respiratory therapy at the medical center. See Twin Pines Coal Co. v. United States Dep't of Labor, 854 F.2d 1212, 1217 (10th Cir.1988)(subsequent medical validation of the claimant's cooperation and effort, made after review of the test tracings, can fulfill the requirements of 20 C.F.R. 410.430). Both affiants opined that Mr. Girard understood and cooperated with the studies because (1) the policy at the medical center in 1974 and 1975 was to comment only if the patient did not cooperate, (2) examination of the "flow loop chart" showed Mr. Girard had cooperated, and (3) the technician who performed the study wrote a "memo" stating "good effort and comprehension." Appellee's br., at tab A. The memo has not been included in the record.
 
 
 11
 The ALJ rejected the affidavits submitted by Mrs. Girard after finding the affiants had not performed the studies and, therefore, were merely speculating on what might have occurred. Further, the ALJ found that the affiants had sworn only that the tests were properly performed, not that they were valid.
 
 
 12
 The ALJ accepted the opinions offered by the employer which were prepared by two physicians experienced in pulmonary medicine. These physicians concluded that the studies were invalid.[4] The ALJ found the medical opinions to be consistent with each other and consistent with other medical evidence in the record[5] which failed to demonstrate the existence of pneumoconiosis.
 
 
 13
 The ALJ may rely on the medical opinions of physicians with superior qualifications or whose review of the situation was more thorough. See Hansen, 984 F.2d at 368; cf. Peabody Coal Co. & Old Republic Ins. Co. v. Director, OWCP, 972 F.2d 880, 885 (7th Cir.1992)(technicians' subjective statements cannot offset "uncontradicted, objective medical opinions" of "highly qualified" consulting physicians). Further, the " 'ALJ is not bound to accept the opinion or theory of any given physician, but may weigh the medical evidence and draw his own inferences.' " Maddaleni v. Director, OWCP, 961 F.2d 1524, 1526 (10th Cir.1992)(quoting American Coal Co. v. Benefits Review Bd., 738 F.2d 387, 391 (10th Cir.1984)).
 
 
 14
 We conclude that the ALJ's decision is supported by substantial evidence. Mrs. Girard did not carry her burden of proving Mr. Girard was totally disabled "due to pneumoconiosis by a preponderance of the evidence." Mangus v. Director, OWCP, 882 F.2d 1527, 1531 (10th Cir.1989).
 
 
 15
 Mrs. Girard argues that the standards for qualifying ventilatory studies were less restrictive in 1974. We do not agree. Compare 20 C.F.R. 410.430 (1974) with 20 C.F.R. 410.430 (1993). More precise guidelines have been adopted under the permanent regulations. See 20 C.F.R. 718, app. B. However, the employer's experts did not, nor could they, rely solely on Appendix B in forming their opinions. See Peabody Coal Co., 972 F.2d at 882 (section 718 applies only to claims filed after March 30, 1980; therefore, consulting physicians' opinions that tests did not meet validity requirements of 718 while relevant, do not automatically require finding of invalidity).
 
 
 16
 The employer's experts found the results to be invalid because they showed submaximal effort and irregular and small breath volumes and frequencies. The experts also noted inconsistencies between the studies. One expert opined that the inconsistencies were an "objective indication of an unsatisfactory test resulting from poor understanding, cooperation, motivation or other non-pulmonary factors." Appellee's br., tab. B. These facts appear based on an objective reading of the tracings, not on stricter testing requirements.
 
 
 17
 The judgment of the Benefits Review Board is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 This claim has had a prolonged procedural history. We discuss only those aspects important to this appeal
 
 
 [3]
 Mrs. Girard also expresses concern that if this court affirms the BRB's decision, she will be required to repay benefits paid after the claim was initially approved. Mrs. Girard does not point to, nor do we find any evidence in the record, that any effort has been made to recover these benefits. We refuse to speculate that such action will be taken or that the Director will fail to follow his own regulations in deciding whether to recover the benefits. See 20 C.F.R. 725.542; McConnell v. Director, OWCP, 993 F.2d 1454, 1456-57, 1459 (10th Cir.1993)
 
 
 [4]
 Mrs. Girard contends the employer should not have been permitted to submit evidence in opposition. However, a party has the right to rebut adverse evidence. North Am. Coal Co. v. Miller, 870 F.2d 948, 951 (3d Cir.1989). Further, the admission of such evidence did not exceed this court's mandate
 
 
 [5]
 This evidence included Mr. Girard's death certificate which gave his cause of death as cardiac arrest. No pulmonary problems were noted. We note that while a death certificate which makes no mention of pneumoconiosis is not sufficient alone to rebut the presumption, 20 C.F.R. 727.204(d)(4), no evidence in the record, aside from the two ventilatory studies, supports a finding of pneumoconiosis